**CITY NATIONAL BANK, as Executor of the Estate and Trustee under the Will of John S. Cansler, deceased, et al., Plaintiffs,**

v.

**AMERICAN COMMONWEALTH FINANCIAL CORPORATION, Great Commonwealth Life Insurance Company, Robert D. Shaw, and ICH Corporation, Defendants.**

**No. C–C–82–482–P.**

United States District Court, W.D. North Carolina, Charlotte Division.

March 18, 1987.

Bruce M. Simpson, Cansler, Lockhart & Young, P.A., Charlotte, N.C., for plaintiffs.

Jimmy H. Barnhill, Womble, Carlyle, Sandridge & Rice, Winston-Salem, N.C., G. Richard Poehner, Moore & Peterson, Dallas, Tex., for defendants.

## ORDER

ROBERT D. POTTER, Chief Judge.

THIS MATTER is before the Court on Petition by counsel for Plaintiffs for expert witness fees, consultant fees, out-of-pocket expenses, and counsel fees, filed on December 19, 1986.

Counsel for Plaintiffs, as Administrator for Distribution of Class Recovery, also filed on December 19, 1986 a Report and Motion of Trustee as Administrator for Distribution of Class Recovery.

As to the Petition for counsel fees and expenses the Petitioners have requested to be paid from the Fund:

(1) The sum of $26,250.00 to Buist M. Anderson as expert witness and consultant fee.

(2) The sum of $3,565.00 to Greenfield & Chimicles, as consultant fee.

(3) The sum of $15,896.33 to reimburse Petitioner for out-of-pocket expenses and advances not charged to Defendants in the Bill of Costs.

(4) The sum of $463,102.73 to Cansler and Lockhart, P.A. as counsel fees (one-third of the net recovery).

As to Mr. Anderson's request of an award of $26,250.00, he has based that on a fee of $175.00 an hour, citing in his letter that when he retired from his law firm four years prior to becoming involved in this matter his fee was $145.00 an hour. It appears to the Court that both the number of hours and the rate charged by Mr. Anderson are more than the Court should allow. The only reference Mr. Anderson makes to his hours appears to be an educated guess of "in excess of 'a certain number of hours on different occasions.'" It also appears that Mr. Anderson's charge is largely for legal work. For example,

Mr. Anderson states that his initial consultation and review of the complaint, etc. consumed "in excess of 30 hours from August 22, 1984 through December 18, 1984" for which he has billed $5,250.00. Mr. Anderson's review of the evidence, case law and trial briefs prepared by Plaintiffs and Defendants and conferring and advising Plaintiffs' counsel throughout the trial and testifying as an expert consumed in excess of 90 hours at $175.00 per hour for a total of $15,750.00.

Finally, Mr. Anderson's consultation on various legal questions arising following the trial such as the control premium issue related to Defendants' motion for judgment notwithstanding the verdict, review and comment on briefs to the Fourth Circuit, and the May 5–6 trip to Richmond to assist in preparation for oral argument before Fourth Circuit consumed "in excess of 10 hours." These are all legal matters and do not come within the ambit of an expert witness.

Notice of hearings on Motion for fees and expenses was mailed on February 5, 1987 to all class members who filed proof of claim and a hearing was held on February 27, 1987, at 9:30 a.m. at Charlotte, North Carolina. None of the class members appeared. This Court, however, has a duty to use its discretion as to what fees and amounts should be paid. The Court's discretion should be used in such a manner as to protect the shareholders from excessive charges for services. Even though an excessive charge would result in relatively small losses to each shareholder, it is precisely for that reason that a shareholder can ill afford to contest such a charge since it would cost more to do so than the difference would make to that shareholder.

To summarize as to the charge by Mr. Anderson, it would appear that "in excess of thirty hours" for the initial consultation should not be allowed. The Court will allow twenty hours, but at a rate of $150.00 per hour, versus $175.00 per hour, for a total of $3,000.00. The February 21–22, 1985 trip to Charlotte should be reduced to 5 hours at $150.00 per hour for a total of $750.00. The charge for reviewing evidence, case law, and trial briefs and conferring and advising attorneys for Plaintiff class is disallowed.

Mr. Anderson was hired as an expert to testify at the trial, not as counsel to consult on various legal questions and to comment on briefs to the Fourth Circuit, and therefore such charges shall be disallowed. Therefore, the total fee approved by this Court for Mr. Anderson is $3,750.00. This is a high fee for the expert testimony of the nature rendered by Mr. Anderson. If Mr. Anderson has rendered valuable legal assistance to Plaintiffs' counsel then his charge should be made to Plaintiffs' counsel, not to Plaintiffs' shares.

Similarly the fee statement of Greenfield and Chimicles is for consultation with respect to litigation strategy and is disallowed. The attorneys for Plaintiffs are responsible for this bill to be paid from their approved attorney's fees. The Court will allow the out-of-pocket disbursement of $65.00 even though not itemized.

Finally, as to fees and expenses for Plaintiffs' attorneys, the Court observes that Plaintiffs' attorneys have apparently kept a meticulous record of expenses. For example, there is a charge of .75 for a copy of the Courier Journal and several charges of .85 for Charlotte law library copies and a copy of Barron's for $1.57. This leads the Court to the conclusion that the attorneys for Plaintiffs have not overlooked any charges which they may be entitled to recover. There are some charges which will be disallowed as follows:

| | | |
|---|---|---|
| 2/18/85 | Mr. Lockhart: business lunch expense Messrs. Lockhart and Simpson. | $ 13.86 |
| 2/25/85 | Mr. Lockhart: lunch expense Messrs. Anderson, Simpson, and Allen. | 15.00 |
| 3/5–14/85 | Meal expense during trial, Messrs. Anderson, Lockhart, Simpson, and Allen. | 367.35 |
| 3/12/85 | Mr. Lockhart: Messrs. Lockhart and Anderson on 2/22/85. | 40.56 |
| 11/27/85 | Mr. Lockhart: meal expense Messrs. Lockhart and Cuthbertson on 9/27/85. | 15.33 |
| | TOTAL | $ 452.10 |

Plaintiffs should not have to feed counsel or counsel's guests during a trial in counsel's home city. That defies all reason. The following charges will be assessed by the Clerk against Defendants:

| Date | Description | Amount |
|---|---|---|
| 8/18/82 | Filing Fee. | $ 60.00 |
| 9/23/82 | U.S. Marshal Service fee. | 28.09 |
| 10/25/84 | Instant copies for Class mailing. | 50.16 |
| 10/20/84 | Postage charges mailing to class prior to appointment of Cansler and Lockhart as Fund Administrators. | 80.80 |
| 11/14/84 | Kales' envelopes for shareholder mailing in October. | 8.76 |
| 12/20/84 | Mrs. Peggy Wiley witness fee. | 35.00 |
| 12/20/84 | Ms. Grace service fee for Mrs. Wiley's deposition. | 15.00 |
| 12/20/84 | Clerk of Court, Western District of North Carolina. Certification fee regarding amended notice of deposition of Mrs. Wiley. | 2.00 |
| 12/21/84 | Clerk of Court, Middle District of LA. Deposition subpoena for Mrs. Wiley's deposition. | 3.00 |
| 1/8/85 | Virginia Klayheke RPR: original deposition transcripts of Messrs. Rice and Shaw. | 972.00 |
| 2/18/85 | Mary R. Olive original transcript of continuation of Mr. Shaw's deposition. | 313.20 |
| 3/4/85 | Deposition transcript of Mrs. Wiley. | 380.00 |
| 3/12/85 | Shiela B. Boone transcript of Mr. Glenn's testimony at trial. | 91.00 |
| 4/9/85 | Portion of trial transcript. | 55.00 |
| 4/22/85 | Portion of trial transcript. | 36.00 |
| 7/23/85 | Transcript of Mr. Freeman's testimony. | 20.00 |
| 3/27/86 | Lawyers Printing original Brief for filing. | 152.00 |
| 8/14/86 | Lawyers Printing original Reply Brief for filing. | 68.00 |
| | TOTAL | $ 2,370.01 |

■ Finally, the attorneys for Plaintiffs have petitioned for fees of $463,102.33, or ⅓ of the net recovery to December 20, 1986, including interest. Defendants have argued that the Court should not mechanically apply the contingent fee arrangement of counsel. Plaintiffs' attorneys have provided the Court with a sufficiently detailed account of their services commencing with the meetings with shareholders of All American Assurance Company on August 13, 1981, through the hearing held on February 27, 1987 for the Court to make its determination. *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974) is perhaps the guiding beacon for courts in determining the reasonableness of a fee award. That case outlines 12 criteria which courts should consider:

(1) *The time and labor required.* Plaintiffs' attorneys in their petition filed December 19, 1986 set out in great detail the labor performed commencing in 1981 with the initial meetings with shareholders through the preparation and filing of bill of costs, summary of legal services, statement of advances, and fee petition. That petition indicated 930 hours for senior attorney, 1696 hours for Partner, 705 hours for Associate and 288 hours for paralegal. This amounts to 3,331 hours for attorneys, without any consideration of paralegal hours. This comes to approximately $139.00 an hour when all attorney hours are divided into the total, with senior and partner hours constituting approximately 79% of the total legal time. This allows no consideration for paralegal time, nor for what amount the Plaintiffs counsel must pay to Mr. Anderson or the firm of Greenfield and Chimicles, since the Court has determined that the greatest part of Mr. Anderson's fee was for legal services and should, together with the fee for the services of Greenfield and Chimicles, be paid from the total fee awarded to Plaintiffs' attorneys.

(2) *The novelty and difficulty of the question.* The matters involved here were contested at every point by Defendants and the issues were difficult.

(3) *The skill requisite to perform the legal services properly.* The Court observed attorneys for Defendants and for Plaintiffs were both well prepared and each side required a great amount of skill to overcome the other side's contentions.

(4) *The preclusion of other employment by attorney due to acceptance of the*

*case.* Obviously, any firm which invests this much time in a matter is precluded from other work which could be performed in that time.

(5) *The customary fee.* Clearly, the hourly rate here is not so far above the customary fees in this area as to warrant a reduction.

(6) *Whether the fee is fixed or contingent.* Plaintiffs' attorneys, by virtue of the contingent fee arrangement, are not receiving more than they would otherwise be entitled to receive.

(7) *Time limitations imposed by the client or the circumstances.* This consideration is not applicable here.

(8) *The amount involved and the results obtained.* The results were obviously favorable to Plaintiffs and the amount involved, though not large per share, was considerable.

(9) *The experience, reputation, and ability of the attorneys.* All these factors would favor the requested fee for Plaintiffs' attorneys.

(10) *The undesirability of the case.* This would not be applicable in this case.

(11) *The nature and length of the professional relationship with the client.* This would not be applicable.

(12) *Awards in similar cases.* This fee is in line with other cases the Court has handled.

■ Plaintiffs' attorneys also filed on December 19, 1986 a Report and Motion of Trustee as Administrator for Distribution of class recovery requesting the Court to:

(1) Approve the inclusion of the shares represented by Exhibits A, B, D, E, and F in the class distribution;

(2) Exclude the shares represented by Exhibits H, I, J, and K in the distribution;

(3) Authorize deposit of the Fund in a non-interest bearing account at BB & T; and

(4) Award counsel fees and expenses to the Administrator to be taxed as part of the costs to be paid by Defendants.

(1) As to approving the inclusion of the shares represented by Exhibits A, B, D,

E, and F in the class distribution, the Court finds that the shares represented by Exhibits A, B, D, E, and F should be included.

(2) As to excluding the shares represented by Exhibits H, I, J, and K in the distribution, the Court finds that the Administrator has given Thompson McKinnon Securities, Inc. ample opportunity to comply with the Court's order that Thompson should give assurance that it knows the identity of and will distribute funds received by it to beneficial owners. This Thompson has failed to do, and the Court will order that Proofs of Claim represented by Exhibits H, I, J, and K are not valid proofs and that the shares represented thereby shall not participate in the distribution of the class.

(3) The Court finds that placing the Fund in an interest bearing account for distribution would be impractical and of little benefit to the shareholders and the Court will therefore modify its prior Order requiring the Fund to be placed in an interest bearing account.

(4) Finally, the Court will award counsel fees and expenses to the Administrator to be taxed as part of the costs. The Court has noted Defendants' motion filed January 20, 1987 to reconsider taxing of Administrator's Expenses to Defendants and request that the Court modify its May 21, 1985 Order to provide that the costs of the Administrator be reimbursed from the recovery fund prior to distribution to the class members. The jury has found that there was a relationship of trust and confidence existing between Plaintiffs and Defendants in connection with the tender offer, that there was fraud upon Plaintiffs by Defendants and that Defendants' conduct was the proximate cause of damage to Plaintiffs. Under those conditions it would appear that Plaintiffs are entitled to recover damages from Defendants and that the expenses of distributing the recovery should be borne by Defendants who caused the damage. Therefore, Defendants' Motion to reconsider taxing of the

Administrator's expenses to the Fund will be denied.

Defendants further contend in their response to the Motion of the Fund Administrator for distribution of the class recovery, filed January 20, 1987, that the Administrator's fee application attempts to charge legal rates for purely administrative functions. The Court agrees that the hourly charges by the Administrator should be adjusted to more nearly reflect a reasonable charge for out-of-court work by attorneys in this area. The Court will, therefore, reduce the requested hourly rate for the "Senior Attorney" to $125.00 an hour, for the "Partner" to $100.00 an hour, and will allow the $75.00 an hour charge for the "Associate," and $35.00 an hour for the "Paralegal." Thus, the Court will award fees and expenses to the Administrator through December 19, 1986, as follows:

| | |
|---|---|
| 22.1 hours @ $125.00 per hour. | $ 2,762.50 |
| 15.7 hours @ $100.00 per hour. | 1,570.00 |
| 141.3 hours @ $75.00 per hour. | 10,597.50 |
| 79.3 hours @ $35.00 per hour. | 2,775.50 |
| TOTAL | $17,705.50 |
| Expenses | 1,168.97 |
| TOTAL | $18,874.47 |

Any further fees and expenses must be approved by the Court, with the admonition that unnecessary hourly attorney fees will be disallowed.

NOW, THEREFORE, IT IS ORDERED that:

(1) The sum of $3,750.00 will be paid from the Fund to Buist M. Anderson as an expert witness fee.

(2) The request for the payment of $3,500.00 to Greenfield and Chimicles as an expense is DENIED. The expense charge of $65.00 is ALLOWED, and will be paid to Greenfield and Chimicles.

(3) Plaintiffs' attorneys will be reimbursed from the Fund for expenses in the amount of $15,444.23 ($15,896.33— $452.10).

(4) Counsel fees for Plaintiffs' counsel will be determined by adding to the Judgment of $1,263,564.28 the interest accrued at the rate of 8.57% from May 20, 1985 until the date the Administra-

tor's Petition is filed. There will then be deducted from that sum the expenses of $15,444.23 and the expert witness fee of $3,750.00 to Mr. Anderson, and expenses of $65.00 to Greenfield and Chimicles. One third of the remaining amount will then be due to Cansler and Lockhart as counsel fees (⅓ of the net recovery).

(5) The shares represented by Exhibits A, B, D, E, and F of the Report and Motion of Trustee as Administrator for distribution of class recovery shall be included in the class distribution, and the shares represented by Exhibits H, I, J, and K shall be excluded from the class distribution.

(6) Defendants' Motion to reconsider taxing of Administrator's Expenses to Defendants and modify the Court's May 21, 1985 Order to provide that the costs of the Administrator be reimbursed from the recovery fund prior to distribution to the class members is DENIED.

(7) Within seven (7) days of the filing of this Order the Administrator shall file a petition with the Court which shall include the following:

(a) the total amount of the interest accrued on the judgment to the date the petition is filed.

(b) the amount claimed by Plaintiffs' attorneys as fees and expenses.

(c) Expert witness fees allowed by this Order, and out-of-pocket expense to Greenfield and Chimicles.

(d) The amount claimed by the Administrator as fees and expenses and which have been allowed by this Order up through December 19, 1986.

(e) A complete list of the class members, including their names, addresses, number of shares of All American Assurance Company sold to Great Commonwealth pursuant to the December 1979 tender offer, and the amount of principal and amount of interest due to each class member as of the date the petition is filed and the total of such amounts.

(8) If the petition is approved by the Court, it will order the Clerk to withdraw the collateral evidenced by NCNB Certificate of Deposit No. 9100016 and pay over to the Administrator a sufficient amount (the "Fund") to pay all sums provided for in Paragraphs (6)(b), (c), (d), and (e) above, and retain the balance pending further orders of this Court.

(9) Within one (1) business day of the receipt of said Fund from the Clerk, the Administrator shall deposit the Fund in a non-interest bearing account at BB & T.

(10) Within ten (10) days of the deposit of the Fund in BB & T, the Administrator shall disburse all sums to be paid as set out in the Administrator's petition.

(11) Within forty-five (45) days of disbursement of the Fund, the Administrator shall provide the Court an accounting of all disbursements from the Fund, together with copies of canceled checks and petition the Court for any further amounts claimed as Administrator's fees and expenses.

(12) The Court will retain jurisdiction to enter such orders as may from time to time be necessary, until all sums, including any amount to be reimbursed to Defendants, have been ordered paid by the Court.